## Eugene J. Chamberlain v. Bessie Chamberlain.

1. ALIMONY—*An Order in Regard to, Held Not Justified by the Facts.*—This court holds that the evidence in regard to the income and property of the defendant, and his treatment of complainant since the

first order of the trial court, and in regard to the removal of complainant to another house, did not warrant the change made in the order in regard to alimony previously made by said court with the consent of both parties.

Separate Maintenance.—Appeal from the Circuit Court of Pike County; the Hon. JEFFERSON ORR, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded. Opinion filed December 2, 1897.

MATTHEWS, HIGBEE & GRIGSBY, attorneys for appellant.

A. G. CRAWFORD, attorney for appellee; W. E. WILLIAMS and W. H. CROW, of counsel.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

On February 21, 1895, appellee filed in the Circuit Court of Pike County, her bill of complaint in chancery against appellant, setting up their marriage on February 17, 1877, and the birth to them of six children, naming them, the oldest over eighteen years old, the youngest six years old; then follow allegations of cruel treatment of appellee by appellant, then separation from each other and a failure on the part of appellant to support appellee. She prays for a decree of separate maintenance.

At the April term, 1895, of said court, on application of appellee, that court ordered appellant to pay the solicitors of appellee fifty dollars as a solicitor's fee, to enable her to prepare and try her said proceeding, and also ordered appellant to pay appellee, as alimony *pendente lite*, fifty dollars on the first day of each month thereafter, for the support of herself and children, and requiring appellant to pay twelve dollars a month as rent for a certain dwelling house where appellee and the said children were then living, and also ordered that appellant should have the right to room at said dwelling house and to take his meals at the table therein with the rest of the family. This order of court was made by consent of appellant and appellee.

On January 30, 1897, being one of the days of the

Chamberlain v. Chamberlain.

November term, 1896, of said court, on motion of appellee, supported by the testimony given in court by her, that court, over appellant's objection " ordered that appellant, in addition to the sixty-two dollars to be paid appellee on the first day of each month, as ordered prior to that time, pay to appellee within twenty days from that date an additional sum of twenty-five dollars, either to her or her solicitor; and a like sum of twenty-five dollars within forty days from this date, the said payment to be in addition to the sixty-two dollars per month heretofore ordered to be paid her by the court." And it was further ordered by that court that all said children of appellee and appellant be kept in attendance at school during school sessions, until the further order of the court. It was also further ordered by the court that the former order of the court, permitting the defendant to room in the house of appellee and family and eat his meals with appellee and family, be modified and changed, so that appellant should not room or eat his meals at the house of appellee and said family. And the cause was then continued to the next term of that court.

From this last order of the Circuit Court, appellant prays an appeal to this court and asks this court to reverse said last order of the Circuit Court. We are satisfied that there were no sufficient facts shown by the testimony of appellee (upon which alone the court acted in making its said last order) to warrant that court to make the same.

The income and property of appellant, and his treatment of appellee since the said first order of that court, together with the removal of appellee and said children to another house which appellee procured at ten dollars per month, as sworn to by appellee herself, did not warrant in our opinion the change in the order of the Circuit Court, before made by it with the consent of both parties.

Hence we reverse the order of the Circuit Court of Pike County, made in this proceeding January 30, 1897, and remand the same to that court for further proceedings therein, as equity and justice may require. Reversed and remanded.